IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY BRODZKI,

    Plaintiff,

  v.

UNITED STATES OF AMERICA,

    Defendant.

No. C-12-01621 (DMR)

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* & DISMISSING CASE**

Plaintiff, proceeding *pro se*, brings this action against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, and moves to proceed *in forma pauperis*. The court GRANTS Plaintiff's motion. However, for the reasons discussed below, the court DISMISSES the case.

## I. BACKGROUND

Plaintiff filed the current battery and infliction of emotional distress action against the United States on March 30, 2012, along with an application to proceed *in forma pauperis*. [Docket Nos. 1, 2.] He seeks damages from Defendant for alleged rape and sodomy that he suffered over a two-year period from 1968 to 1970 in Chicago at the hands of three police officers, whom he contends worked for the United States. (Compl.) He avers that he was seven years old at the time. (Compl.)

Defendant has not been served and therefore is not a party to the suit pursuant to 28 U.S.C. § 636(c). *See Third World Media, LLC v. Does 1-1568*, No. C-10-4470-LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011). Plaintiff has filed consent to proceed before a magistrate judge. [Docket No. 6.] Therefore, the undersigned may exercise jurisdiction to conduct all proceedings in this matter, including the entry of judgment.

## II. LEGAL STANDARD

Even when a court grants a plaintiff's motion to proceed *in forma pauperis*, the court must dismiss the complaint if the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous within the meaning of § 1915(e)(2) if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). In reviewing the adequacy of a complaint under § 1915(e)(2), courts apply the same standard as Federal Rule of Civil Procedure 12(b)(6). *Moore v. Hercules Dynamite Co.*, No. 10-CV-0117, 2010 WL 3074388, at *1 (D. Nev. Mar. 15, 2010). Under that standard, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citation omitted). Courts must give a *pro se* litigant leave to amend his complaint, and some notice of its deficiencies, unless it is absolutely clear that amendment could not cure the complaint's deficiencies. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002).

### III. ANALYSIS

The court must dismiss Plaintiff's complaint as frivolous because the statute of limitations for his claims has passed. The FTCA provides the exclusive remedy for torts committed by United States employees acting within the scope of their employment.[1] 28 U.S.C. § 2679(b); *see also id.* § 2671 (defining "United States employee").[2] The statute of limitations for bringing a claim under the Act depends on the law for the state in which the alleged unlawful acts occurred, in this case Illinois (*see* Compl.). 28 U.S.C. § 1346(b)(1). Illinois provides a two-year statute of limitations for

---

[1] Plaintiff styles his claims as arising under *Bivins v. Six Unnamed Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Compl.) However, a *Bivens* action will not lie where an alternative remedy, such as the FTCA, exists. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69 (2001).

[2] Although the Act ordinarily does not permit suits against the United States arising out of assault and battery, this exception does not encompass "investigative or law enforcement officers of the United States Government." 28 U.S.C. § 2680(h).

1 battery and infliction of emotional distress. 735 Ill. Comp. Stat. 5/13-202. Because Plaintiff's claim
2 accrued in 1970, he had until 1972 to bring suit under the FTCA. *See Landreth ex rel. Ore v. United*
3 *States*, 850 F.2d 532, 534 (9th Cir. 1988) (holding that "[t]he fact of minority does not toll the
4 statute"). Because that time has passed, the court lacks subject matter jurisdiction to hear Plaintiff's
5 claims.

Even if the court were to construe Plaintiff's complaint as against the police officers in their personal capacities, and not as United States employees acting in their official capacity, the court still could not entertain the case. As already stated, the statute of limitations for battery and infliction of emotional distress in Illinois is two years. 735 Ill. Comp. Stat. 5/13-202. Because Plaintiff was a minor at the time of the alleged incidents, he would have had to bring his claim no later than 1983, two years after reaching majority. *See* 735 ILCS 5/13-211. If California law were to apply, the torts would carry a two-year statute of limitations as well. Cal. Civ. Proc. Code § 335.1. Plaintiff's minority likewise would have given him until 1983 to file suit. *See id.* § 352. Plaintiff's complaint thus lacks an arguable basis in law, and no amendment can cure this deficiency. Consequently, the court must dismiss the complaint.

### IV. CONCLUSION

The court GRANTS Plaintiff's application to proceed *in forma pauperis* and DISMISSES his complaint with prejudice.

IT IS SO ORDERED.

Dated: May 1, 2012



_____
DONNA M. RYU
United States Magistrate Judge

3